UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK

        **Plaintiff,**          CIVIL ACTION NO. 05-CV-70950-DT

vs.

        DISTRICT JUDGE LAWRENCE P. ZATKOFF

FEDERAL INSURANCE CO.,
et al.,          MAGISTRATE JUDGE MONA K. MAJZOUB
        **Defendants.**
_____/


## OPINION AND ORDER GRANTING IN PART, DENYING IN PART AND DEEMING WITHDRAWN IN PART  DEFENDANTS' MOTION TO COMPEL DEPOSITIONS (DOCKET # 50) AND DENYING AS MOOT DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DISCOVERY AFTER THE DISCOVERY DEADLINE (DOCKET # 76)

I.    PROCEDURAL SUMMARY

On March 15, 2006 Defendants filed a Motion to Compel Depositions (Docket # 50). On April 24, 2006 Defendants filed a Motion for Leave to Conduct Discovery After the Discovery Deadline (Docket # 76).  Plaintiff responded to both motions (Docket ## 62, 77, 88) and Defendants replied (Docket ## 66, 90).  District Court Judge Lawrence P. Zatkoff referred these motions to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  All parties appeared through counsel for a hearing on June 12, 2006. These motions are now before this Court.

## II. LAW AND ANALYSIS

### A. DEFENDANTS' MOTION TO COMPEL DEPOSITIONS

#### 1. Rule 30(b)(6) Deposition

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants seek an order compelling Plaintiff to designate and produce for deposition one or more corporate representatives to testify about sixteen topics addressed in its amended notice of deposition dated March 7, 2006 ("amended notice").

Plaintiff argues that the topics addressed in Defendants' Rule 30(b)(6) amended notice are irrelevant and vague. Plaintiff further claims that it would be unduly burdensome to comply with Defendants' amended notice because any such deposition(s) would merely duplicate earlier discovery and deposition testimony.

Plaintiff argued at the hearing that compliance with Defendants' amended Rule 30(b)(6) notice would require them to take the depositions of several corporate individuals, as no one or two corporate designees has sufficient knowledge to address all topic areas of the amended notice. Plaintiff offered the depositions of those individuals with personal knowledge of the specific subject matters addressed in Defendants' amended notice in lieu of the requested corporate designees.[1]

---

[1] Specifically, the parties identified the following individuals as having reliable personal knowledge of Topic numbers 1, 2, 3, 4, 5, 6, 13, 14, 15 and 16 of the amended notice:

Having considered the parties' pleadings and oral arguments, the Court **GRANTS IN PART, DENIES IN PART AND DEEMS WITHDRAWN IN PART,** Defendants' Motion to Compel Rule 30(b)(6) Depositions.

Topic numbers 1-8 and 10-16 of Defendants' amended notice list relate primarily to the facts and circumstances surrounding Plaintiff's (1) extensions of credit; (2) discovery of its loss based on those extensions; (3) investigation of its loss; and (4) recovery efforts after the loss. The Court finds that these articulated topic areas provide adequate notice to Plaintiff of the specific subject matters upon which Defendants seek a corporate representative(s) to testify and that the information Defendants seek is relevant to claims and affirmative defenses at issue in this case. The Court further finds that the testimony being sought is not unduly duplicative or burdensome and that there is no basis to preclude the depositions in light of the previous discovery taken in this matter.

Defendants are entitled to depose Plaintiff regarding Topic numbers 1-8 and 10-16 of Defendants' amended notice. The Court urges the designation and deposition of a Rule

---

The six members of Plaintiff's ELC (Topic numbers 1, 3, 4);
Christiana Opriou (Topic numbers 1, 3, 4);
Darlene Schow (Topic numbers 1, 3, 4);
Marcy Collins (Topic number 2);
Lydia Nona (Topic number 2);
Peter Korneffel (Topic numbers 5, 6, 13, 14);
John Marecki (Topic numbers 5, 6, 13, 14);
Matt Roslin (Topic numbers 13, 14, 15, 16); and
Gerald Small (Topic number 15).

30(b)(6) corporate representative or representatives as the most efficient and least burdensome way to secure the testimony at issue.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff designate a Rule 30(b)(6) corporate representative or representatives to testify as to Topic numbers 1-8 and 10-16 of Defendants' amended Rule 30(b)(6) notice dated March 7, 2006. As to Topic numbers 1, 2, 3, 4, 5, 6, 13, 14, 15 and 16, Plaintiff may alternatively designate any of the fourteen (14) individuals identified by the parties as having reasonable personal knowledge of said Topics in a manner consistent with the parties' representations at the June 12, 2006 hearing and the discussion stated above.

**IT IS FURTHER ORDERED** that Plaintiff will notify Defendants of their designated deponent(s) and the matter(s) upon which said deponent(s) will testify **on or before July 7, 2006.** If any named deponent is no longer within Plaintiff's employ, Defendants will subpoena that individual for deposition. All depositions will be completed **on or before August 31, 2006** at a time and place agreed upon by the parties.

Defendants represented at the June 12, 2006 hearing that they have no need to pursue the information listed in Topic number 9 of their amended notice of deposition at this time. Therefore, the Court **DEEMS WITHDRAWN** from Defendant's Motion Topic number 9.

## 2. Depositions of Members of Plaintiff's Executive Loan Committee (ELC)

Defendants have deposed two members of Plaintiff's ELC, Joe Lathrop and Alan Sorenson. Defendants seek to depose the remaining six members of Plaintiff's ELC claiming that they are likely to have relevant information concerning Plaintiff's discovery of the claimed loss prior to March 12, 2004.

Plaintiff objects and argues that: (1) any testimony of the remaining six ELC members would be irrelevant; (2) Defendants have already deposed two ELC members who had little or no recall of the subject matter at issue; (3) the depositions would pose an undue burden on the schedule of these six senior executives; and (4) supplemental interrogatories would serve the same purpose.

Having considered the parties' pleadings and oral arguments, the Court finds that the six remaining ELC members, whose recollections of the pertinent events may differ from those ELC members previously deposed, are reasonably likely to have information relevant to Plaintiff's claims. Furthermore, the Court finds no basis for limiting Defendants to the use of interrogatories to obtain the information they seek from the six ELC members. Lastly, Plaintiff's concerns regarding burdensomeness are alleviated because Defendants have agreed to limit each ELC member deposition to no more than three hours.

Therefore, the Court hereby **GRANTS** Defendants' motion to compel the depositions of Plaintiff's six remaining ELC members.

**IT IS ORDERED** that Plaintiffs will produce the six remaining ELC members for deposition. These depositions will take place in conjunction with any deposition related to Defendants' Rule 30(b)(6) amended notice as ordered above and each ELC member deposition will not exceed three (3) hours. All ELC depositions must be completed **on or before August 31, 2006.**

### 3. Leave to Conduct More than 10 Depositions

Defendants have conducted seven (7) depositions to date. The Court hereby **GRANTS** Defendants' Motion for Leave to Conduct More than Ten (10) Depositions to the extent such additional depositions proceed pursuant to this Order.

**B.    DEFENDANTS' MOTION FOR LEAVE TO CONDUCT DISCOVERY AFTER THE DISCOVERY DEADLINE**

This Court's Amended Scheduling Order dated 6/7/06 extended the discovery deadline until July 17, 2006. By Order of this Court, a Fourth Amended Scheduling Order extends the Discovery, Dispositive Motion Cut-off, Final Pre-Trial Conference and Trailing Docket dates as follows**:**

| | |
|---|---|
| **Discovery Cut-Off:** | **August 31, 2006** |
| **Dispositive Motion Cutoff:** | **September 15, 2006** |
| **Final Pre-Trial Conference:** | **January 04, 2007 @ 10:00 a.m.**<br>**Port Huron** |
| **Trailing Docket:** | **February 2007** |

6

THEREFORE, the Court **DENIES AS MOOT** Defendants' Motion for Leave to Conduct Discovery After the Discovery Deadline (Docket # 76).

**IT IS SO ORDERED.**

III.   **NOTICE TO PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 15, 2006                 s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: June 15, 2006                 s/ Lisa C. Bartlett
                                     Courtroom Deputy