UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK, FSB, a federally
chartered savings bank

        CASE NO. 05-70950
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

FEDERAL INSURANCE COMPANY, an
Indiana Corporation and CONTINENTAL
CASUALTY COMPANY, an Illinois
Corporation.

   Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 9, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants Federal's and Continental's Motion to Overrule Magistrate Majzoub's June 6, 2006 Opinion and Order Compelling Discovery. *See* Docket #96, #105, and #107. Plaintiff has responded (Docket #115) and Defendants have replied (Docket #122 and #124). In addition, on June 15, 2006, Defendants filed a Motion to Stay the Magistrate's June 6, 2006 Order (Docket #106 and #108). Plaintiff has responded (Docket #116) and Defendants have replied (Docket #123 and #125). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided

by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' Motions are DENIED.

## II. BACKGROUND

Plaintiff Flagstar is a federally chartered savings bank that is in the commercial lending business. Defendant Federal issued a $10 million federal bond (hereinafter, "the Bond") that insured Flagstar against certain losses during 2004. Defendant Continental issued a $15 million excess bond for the same period. The excess bond was subject to the same terms and conditions as the underlying Bond and insured Flagstar for those losses above $10 million. In its most basic terms, the present conflict arose when Flagstar made a claim for approximately $20 million under its insurance policy and Defendants refused to pay.[1]

Plaintiff brought the present action on March 11, 2005, and over the course of discovery, a number of disputes arose. This Court referred all pre-trial discovery matters to Magistrate Mona Majzoub. On June 6, 2006, Magistrate Majzoub issued an Opinion and Order which granted Plaintiff's Motion to Compel as to a number of Plaintiff's discovery requests. By the present motion, Defendants argue that this Court should overrule the Magistrate's ruling as being "clearly erroneous."

---

[1] For a more detailed examination of the facts, see the Court's July 12, 2005 Opinion and Order.

### III. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure provides that, upon the filing of an objection to the magistrate judge's order, "[t]he district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952 (6th Cir. 1985). Pursuant to this standard or review, it is not for this Court to reverse the Magistrate's findings of fact "simply because 'we would have decided the case differently.'" *See Easley v. Cromartie*, 532 U.S. 234, 242 (2001). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

### IV. ANALYSIS

**A. Defendants' Motion to Overrule Magistrate Majzoub's Order**

Defendants Federal and Continental make two arguments. First, based on Plaintiff Flagstar's admission that Insurance Clause 4 is unambiguous, Defendants argue that Magistrate Majzoub wrongfully permitted discovery regarding Insurance Clause 4. Second, Defendants argue that Magistrate Majzoub wrongfully permitted discovery regarding other insurance policies managed by Defendants and regarding other insurance claims against Defendants. The Court will address each argument in the following sections.

**1. Whether Discovery Should have been Permitted Regarding Insurance Clause 4**

Defendants argue that Magistrate Majzoub wrongfully permitted discovery regarding

Insurance Clause 4, a clause which Plaintiff admits is unambiguous.[2]  The Court has reviewed the parties' arguments and has reviewed Magistrate Majzoub's Order and finds that the Magistrate's Order was not clearly erroneous.

As noted in Magistrate Majzoub's Order, the Federal Rules of Civil Procedure permit liberal discovery.  Federal Rule of Civil Procedure 26(b)(1) states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In the exercise of her discretion, Magistrate Majzoub considered and distinguished the cases cited by Defendants and also considered the July 12, 2005 Opinion of this Court.  Based on an analysis of the facts before her, Magistrate Majzoub concluded that "the information sought in said Requests . . . is relevant to the subject matter involved in the pending action, and is reasonably calculated to lead to the discovery of admissible evidence."  The Court finds that Magistrate Majzoub properly utilized her discretion in reaching this conclusion and that her finding was not clearly erroneous. Accordingly, as to this issue, Defendants' Motion to Overrule Magistrate Majzoub's decision is DENIED.

### 2. Whether Discovery Should have been Permitted Regarding other Insurance Claims

Defendants' second argument is that Magistrate Majzoub wrongfully permitted discovery regarding other insurance policies managed by Defendants and wrongfully permitted discovery regarding other insurance claims against Defendants.  As to this issue, the Court has reviewed the

---

[2] Insurance Clause 4 covered the following loss: "Loss resulting directly from: Forgery on . . . any Negotiable Instrument (other than an Evidence of Debt)."

parties' arguments and has reviewed Magistrate Majzoub's Order and again finds that the Magistrate's Order was not clearly erroneous.

As stated in the previous section, the Federal Rules permit liberal discovery. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED R. CIV. P. 26(b)(1). In her Order, Magistrate Majzoub addressed Defendants' objection that Plaintiff's discovery requests were irrelevant, overly broad, and overly burdensome. *See* Magistrate's Order, at 9-10. Ultimately, however, and in the exercise of her discretion, Magistrate Majzoub granted Plaintiff's Motion to Compel as to these discovery requests. This Court is not convinced by Defendants' arguments or by the caselaw cited by Defendants that Magistrate Majzoub's determination was clearly erroneous or that it was contrary to law. Accordingly, as to this issue, Defendants' Motion to Overrule Magistrate Majzoub's decision is DENIED.

**B. Defendants' Motion to Stay**

The Court's ruling regarding Defendants' Objections to the Magistrate's Order obviates a ruling as to the bulk of Defendants' Motion for a Stay of Discovery. Defendant Continental, however, also requests a stay of discovery as to Continental until Continental's Motion for Summary Judgment on Damages has been resolved. Defendant Continental asserts that "when a party has filed a dispositive motion on a discreet issue which can be resolved as a matter of law without discovery, a stay is appropriate to protect the party from the expense, burden, and harassment of discovery while the dispositive motion is being adjudicated by the Court." *See* Continental's Brief, at 8 (Docket # 108). After considering Continental's position and the authority it cites, the Court nevertheless believes that a stay should not be issued. Continental is not the only Defendant in this

case, and accordingly, a stay of discovery with respect to Continental would likely delay the entire case. In addition, the Court intends to make an expedited ruling on Continental's Motion for Summary Judgment, so a stay is largely unnecessary as the Court will issue a ruling shortly.

## V. CONCLUSION

For the above reasons, the Court hereby DENIES Defendants' Motion to Overrule Magistrate Majzoub's June 6, 2006 Opinion and Order Compelling Discovery and DENIES Defendants' Motion for a Stay.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: August 9, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 9, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290