**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FLAGSTAR BANK, FSB, a federally
chartered savings bank

        CASE NO. 05-70950
   Plaintiff,       HON. LAWRENCE P. ZATKOFF

v.

FEDERAL INSURANCE COMPANY, an
Indiana Corporation and CONTINENTAL
CASUALTY COMPANY, an Illinois
Corporation.

   Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 9, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Continental Casualty Company's (hereinafter, "Continental") Motion for Summary Judgment on Damages. Plaintiff Flagstar Bank (hereinafter, "Flagstar") has responded and Defendant has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant Continental's Motion for Summary Judgment on Damages is GRANTED.

## II. BACKGROUND

Plaintiff Flagstar is a federally chartered savings bank that is in the commercial lending business. Defendant Federal issued a $10 million federal bond (hereinafter, "the Underlying Bond") that insured Flagstar against certain losses during 2004. Defendant Continental issued a $15 million excess bond (hereinafter, "the Excess Bond") for the same period. The Excess Bond was subject to the same terms and conditions as the Underlying Bond and insured Flagstar for those losses above $10 million. In its most basic terms, the present conflict arose when Flagstar made a claim under the bonds for approximately $20 million and Defendants refused to pay.[1]

Plaintiff Flagstar brought its Complaint in this Court on March 11, 2005. Defendants filed a Motion to Dismiss, which the Court granted, in part, and denied, in part. Over the past several months, the parties have conducted discovery. Pursuant to the Court's scheduling order, the discovery cut-off is August 31, 2006. Dispositive motions are due September 15, 2006, and a Final Pre-Trial Conference is scheduled for January 4, 2007.

## III. LEGAL STANDARD

Summary judgment is appropriate only if the answers to the interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring

---

[1] For a more detailed examination of the facts, see the Court's July 12, 2005 Opinion and Order.

the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial.  *See* FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must do more than show that there is some metaphysical doubt as to the material facts.  It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment.  *See Moore v. Phillip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV.  ANALYSIS

Pursuant to Plaintiff's Amended Complaint, Plaintiff Flagstar claims a loss of $19,174,533 and asserts that Defendants Federal and Continental are required to pay this loss pursuant to the terms of their respective insurance bonds.  By its Motion for Summary Judgment on Damages, Defendant Continental argues that even if the Court were to find that Defendants were liable for this loss, that Plaintiff would still have zero damages against Continental under Continental's Excess

3

Bond because Plaintiff has already recovered $9 million of its initial $19 million loss. For the following reasons the Court agrees with Continental's position and will grant its Motion for Summary Judgment.

**A. Defendant Continental's Position**

As the basis for its Motion, Defendant Continental relies on the May 1, 2006 Expert Report of David A. Schwickerath, Director of Navigant Consulting. *See* Defendant's Motion, Exhibit 2, Expert Report. In his Expert Report, Schwickerath explains that he was hired by Plaintiff to determine damages suffered by Flagstar as a result of Federal and Continental's failure to pay Federal's claims under the insurance bonds. *See* Expert Report at 2. Based on a review of the relevant documents, Schwickerath concludes that Flagstar's total loss as of January 31, 2006 was $19,174,553, and that this loss remained unpaid by Defendants under the bonds. Schwickerath's report also states that, pursuant to Flagstar's recovery efforts, Flagstar had made a net recovery of $9,000,364 and has recovered $547,646 in fees and interest. The report concludes that these amounts, as well as the $500,000 deductible should be deducted from the amount owed under the bonds.[2]

For purposes of this Motion, Defendant Continental accepts the above numbers as true. Continental argues, however, that even if it were found to be liable to Flagstar for breaching the insurance bonds, Flagstar's claim would not exceed Federal's $10 million layer of coverage under the Underlying Bond and would not reach Continental's layer of coverage under the Excess Bond. Continental calculates Flagstar's loss this way:

---

[2] Before reducing the total loss by the recovered amounts, the report adds interest to the $19,174,553 total loss. Defendant Continental objects to the addition of these interest costs, but otherwise accepts the calculations made in the Expert Report.

| | |
|---|---|
| Flagstar's Total Loss | $19,174,553 |
| Net Recovery | ($9,000,364) |
| Deductible | ($500,000) |
| **Flagstar's Net Loss** | **$9,674,189** |

Because Flagstar's net loss is less than $10 million, Continental argues that Flagstar's loss is not covered by Continental's Excess Bond and that Continental's Motion for Summary Judgment on Damages should be granted.

**B. Plaintiff Flagstar's Position**

Flagstar disagrees with Continental's interpretation of the insurance bonds and asserts that, pursuant to the Expert Report, it has a net loss over $10 million and that at least $2,475,406 of that loss is attributable to Continental under the Excess Bond. Flagstar reaches this conclusion in the following way.

Flagstar agrees that its total loss is $19,174,553. Flagstar then asserts that when it made its claim to Continental, pursuant to its policy under the Excess Bond and after taking the allowable reductions, Continental should have paid it $8,126,907.[3] Had Continental made this payment when requested, Flagstar asserts that pursuant to Condition 11 of the Bond, Continental would have been subrogated to all of Flagstar's rights to any recoveries made on the loss.

Condition 11, titled "Subrogation – Assignment – Recovery" states:

In the event of a payment under this Bond, the COMPANY shall be subrogated to all of the Assured's rights of recover against any person or entity to the extent of

---

[3]

| | |
|---|---|
| Total Loss | $19,174,553 |
| Underlying Bond | ($10,000,000) |
| Deductible | ($500,000) |
| Repaid Interest and Fees | ($547,646) |
| **Amount Owed by Continental** | **$8,126,907** |

5

such payment. On request, the ASSURED shall deliver to the COMPANY an assignment of the ASSURED'S rights, title and interest and causes of action against any person or entity to the extent of such payment.

Recoveries, whether affected by the COMPANY or by the ASSURED, shall be applied net of the expense of such recovery in the following order:

a.  first, to the satisfaction of the ASSURED'S covered loss which would otherwise have been paid but for the fact that it is in excess of either the SINGLE LOSS LIMIT OF LIABILITY OR THE AGGREGATE LIMIT OF LIABILITY.
b.  second, to the COMPANY in satisfaction of amounts paid in settlement of the ASSURED'S claim,
c.  third, to the ASSURED in satisfaction of the applicable DEDUCTIBLE AMOUNT, and
d.  fourth, to the ASSURED in satisfaction of any loss suffered by the ASSURED which was not covered under this Bond.

Because Continental did not pay Flagstar's claim, Flagstar argues that Continental gave up its right to subrogation under Condition 11b, and that accordingly, Flagstar should now be entitled to recover its deductible, interest, and fees under Conditions 11c and 11d. Adding these additional amounts increases Flagstar's net loss by $3,348,863, and accordingly Flagstar's loss would then exceed Federal's $10 million Underlying Bond and reach Continental's Excess Bond. *See* Plaintiff's Response Brief, at 10 and 18.

For the following reasons, the Court disagrees with Flagstar's position and finds that it has misinterpreted the terms of the Underlying Bond.[4]

---

[4] Flagstar makes the additional argument that Continental has ignored various "facts" from the Expert Report, that a dispute as to these "facts" exist, and that summary judgment in favor of Continental is also inappropriate for this reason. *See* Plaintiff's Response, at 15. The Court disagrees with Flagstar's position. Continental does not dispute any of the amounts calculated in the Expert Report. Continental's only dispute with the Report is that, pursuant to the contract, it should not have to pay any the interest amounts calculated by the Expert. The interpretation of a contract is a legal question which may properly be decided by the Court on a Motion for Summary Judgment. *See Quality Products and Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 369 (2003) ("The legal effect of a contractual clause is a question of law

**C. Other Relevant Terms of the Insurance Bonds**

Though Flagstar relies heavily on Condition 11 of the Underlying Bond,[5] the following provisions of the Underlying Bond are also relevant to the present motion.

Exclusion 2d states: "This bond does not directly or indirectly cover . . . loss of potential income including, but not limited to, interest and dividends not realized by the ASSURED or by any customer of the ASSURED."

Condition 8 states: "The COMPANY shall be liable under this Bond only for the amount by which any Single Loss is greater than the applicable DEDUCTIBLE AMOUNT as stated in ITEM 3. of the DECLARATIONS, and is equal to or less than the applicable SINGLE LOSS LIMIT of LIABILITY."

Regarding the valuation of a loan loss, Condition 9 states: "The value of any loss or that portion of any loss resulting from a Loan shall be the amount actually disbursed by the ASSURED to a borrower under such Loan reduced by all amounts including, but not limited to, interest and fees received by the ASSURED under all Loans to such borrower, whether or not part of any claim under this Bond."

**D. The Court's Interpretation of the Underlying Bond**

In interpreting the terms of the insurance bonds, the Court applies the following legal principles.  "The legal effect of a contractual clause is a question of law that is reviewed *de novo*."

---

that is reviewed *de novo*.").

[5] The $15 million Excess Bond issued by Continental is subject to the terms and conditions of the Underlying Bond issued by Federal.  Accordingly, it is the provisions of the Underlying Bond which largely govern the current dispute.

*Quality Products and Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 369 (2003). The paramount rule of contractual construction is that "effect must be given to the intent of the parties gathered from the instrument as a whole." *Associated Truck Lines, Inc. v. Baer*, 346 Mich. 106, 112 (1956). Additionally, contractual language is to be construed according to its plain and ordinary meaning. *See UAW-GM Human Resource Center v. KSL Recreation Corp.*, 228 Mich. App. 486, 491-92 (1998).

Pursuant to the terms of the Excess Bond, the parties agree that Continental was only obligated to pay on any loss that exceeded $10 million. Additionally, pursuant to Condition 8 of the Underlying Bond, the parties agree that Continental was only required to pay the amount of the loss which was greater than the $500,000 deductible amount. The parties disagree, however, on precisely how Flagstar's loss should be calculated. Flagstar believes the loss should be calculated pursuant to Condition 11. Continental believes the loss should be calculated under Condition 9, and additionally, that Flagstar's interpretation of Condition 11 is mistaken. The Court finds that Continental's position is the correct one.

Condition 9 clearly states how the loss is to be calculated. "The value of any loss or that portion of any loss resulting from a Loan shall be the amount actually disbursed by the ASSURED to a borrower under such Loan reduced by all amounts including, but not limited to, interest and fees received by the ASSURED under all Loans to such borrower, whether or not part of any claim under this Bond." Condition 11, which deals with the subrogation rights of the parties, is simply not applicable in determining the size of the loss. Accordingly, pursuant to Condition 9, Flagstar's loss should be determined in the following way:

| | |
|---|---|
| Total Loss | $19,174,553 |
| Deductible | ($500,000) |

|  |  |
|---|---|
| Repaid Interest and Fees | ($547,646) |
| Net Recovery | ($9,000,364) |
| **Flagstar's Net Loss** | **$9,126,543** |

Because Flagstar's loss does not exceed $10 million, it does not reach Continental's Excess Bond and accordingly, Flagstar has no damages against Continental. For this reason, Continental's Motion for Summary Judgment on Damages should be granted.

Additionally, even though the Court finds that Condition 9 is applicable in determining the size of Flagstar's loss, the Court will nevertheless address Flagstar's interpretation of Condition 11 regarding subrogation. Condition 11 begins: "***In the event of a payment under this Bond***, the COMPANY shall be subrogated to all of the Assured's rights of recover against any person or entity to the extent of such payment." [Emphasis added]. The present litigation is the result of Defendants Federal's and Continental's decisions *not* to make a payment under the Bond. Because no payment has been made, Condition 11 is wholly inapplicable. Furthermore, even if Continental were required to make a payment under the Excess Bond on Federal's claim, pursuant to Condition 11, any recoveries would first be applied to the amounts paid out by Continental. *See* Underlying Bond, Condition 11b. Only after Continental received credit for any recovery would any remaining recovered monies be used to satisfy the deductible amount (Condition 11c) and any other amounts not recoverable under the Bond (Condition 11d).[6]

For these additional reasons, Flagstar's interpretation of Condition 11 is mistaken and

---

[6] It should also be noted that Flagstar's interpretation of Condition 11, which permits it to recover interest, is also in conflict with Exclusion 2d, which states that "[t]his bond does not directly or indirectly cover . . . loss of potential income including, but not limited to, interest and dividends not realized by the ASSURED or by any customer of the ASSURED." This conflict further undermines Flagstar's interpretation of the Underlying Bond.

Defendant Continental's Motion for Summary Judgment on Damages should be granted.

## V. CONCLUSION

For the above reasons, the Court HEREBY GRANTS Defendant Continental's Motion for Summary Judgment on Damages.

IT IS SO ORDERED.

                                                      s/Lawrence P. Zatkoff
                                                     LAWRENCE P. ZATKOFF
                                                     UNITED STATES DISTRICT JUDGE

Dated:  August 9, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 9, 2006.

                                                     s/Marie E. Verlinde
                                                   Case Manager
                                                   (810) 984-3290