**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FLAGSTAR BANK, FSB, a federally
chartered savings bank

        CASE NO. 05-70950
   Plaintiff,        HON. LAWRENCE P. ZATKOFF

v.

FEDERAL INSURANCE COMPANY, an
Indiana Corporation and CONTINENTAL
CASUALTY COMPANY, an Illinois
Corporation.

   Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 24, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Federal's Motion to Bar Plaintiff's Experts. Plaintiff Flagstar has responded and Defendant has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion to Bar Plaintiff's Experts is GRANTED, in part, and DENIED, in part.

## II. BACKGROUND

Plaintiff Flagstar is a federally chartered savings bank that is in the commercial lending business. Defendant Federal issued a $10 million federal bond (hereinafter, "the Underlying Bond") that insured Flagstar against certain losses during 2004. Defendant Continental issued a $15 million excess bond (hereinafter, "the Excess Bond") for the same period. The Excess Bond was subject to the same terms and conditions as the Underlying Bond and insured Flagstar for those losses above $10 million. In its most basic terms, the present conflict arose when Flagstar made a claim under the bonds for approximately $20 million and Defendants refused to pay.[1]

Plaintiff Flagstar brought its Complaint in this Court on March 11, 2005. Defendants filed a Motion to Dismiss, which the Court granted, in part, and denied, in part. Over the past several months, the parties have conducted discovery. On June 15, 2006, Magistrate Majzoub granted, in part, Defendants' Motion to Compel. Plaintiff appealed the Magistrate's decision to this Court, and on August 9, 2006, the Court denied Plaintiff's appeal. Also on August 9, 2006, the Court granted Defendant Continental's Motion for Summary Judgment on Damages. Pursuant to the Court's scheduling order, the discovery cut-off is August 31, 2006. Dispositive motions are due September 15, 2006, and a Final Pre-Trial Conference is scheduled for January 4, 2007.

## III. ANALYSIS

By its Motion, Defendant Federal asserts a number of reasons why the Court should bar Plaintiff's expert witnesses: (1) Flagstar's disclosure of expert witnesses was untimely, (2) Flagstar

---

[1] For a more detailed examination of the facts, see the Court's July 12, 2005 Opinion and Order.

failed to include such witnesses on its trial witness list, (3) Flagstar is seeking to have its experts testify on questions of law, (4) Flagstar did not supply Federal with the proper factual basis for its expert opinions during the course of discovery, and (5) Flagstar has failed to produce the file materials of the attorneys it seeks to call as experts. The Court will address each of Defendant's arguments in the following sections.

**A. Whether Flagstar's Expert Disclosure was Untimely**

Defendant Federal's first argument is that Flagstar's experts should be barred because Flagstar failed to disclose its experts until May 1, 2006, the last day of discovery. Flagstar asserts that, prior to the scheduling conference, the parties had agreed that Flagstar should disclose its experts by February 1, 2006 and that Defendants should disclose their experts by March 1, 2006. *See* Defendant's Motion, Exhibit 4, April 15, 2005 e-mail. Following the scheduling conference, the Court issued a scheduling order on September 9, 2005. The scheduling order included a Discovery cut-off of April 1, 2006 but did not address when the disclosure of experts should take place. On September 13, 2005, Flagstar's counsel Paul Schroeder e-mailed Defense counsel and proposed the previously discussed February 1 and March 1 dates. That same day, Defense counsel responded by e-mail that they agreed with Plaintiff's proposal.

Defendant Federal now asserts that it disclosed its experts to Plaintiff pursuant to the March 1, 2006 deadline, but that Plaintiff failed to disclose its experts until May 1, 2006, which was the discovery cut-off.[2] Defendant asserts that Plaintiff's failure to disclose its experts until the May 1, 2006 discovery cut-off prejudiced Defendant by making it impossible for Defendant to depose

---

[2] Pursuant to the March 23, 2006 stipulation of the parties, the Court extended the discovery cut-off from April 1, 2006 until May 1, 2006. The cut-off has since been extended to August 31, 2006.

Plaintiff's experts. Defendant argues that the Court should sanction Plaintiff pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and bar Plaintiff's experts from being used as evidence at trial.[3]

Plaintiff Flagstar responds by admitting that the parties had discussed "enter[ing] into a stipulation containing the February 1 and March 1 expert disclosure dates," but that neither party ever pursued the matter further and no formal stipulation was ever entered into. Plaintiff relies on Rule 26(a)(2)(C) which states:

> These [expert] disclosures shall be made at the times and in the sequence directed by the court. ***In the absence of other directions from the court or stipulation by the parties***, the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party. [emphasis added].

Accordingly, Plaintiff asserts that because no court scheduling order and no stipulation were violated, and because the May 1, 2006 expert disclosures were made greater than 90 days before trial, the Court should consider Plaintiff's expert disclosures to be timely. The Court agrees. Though the parties clearly contemplated entering a stipulation to require expert disclosure by February 1 and March 1, no such stipulation was ever filed with the Court. Additionally, it appears to the Court that when the Plaintiff failed to disclose its experts on February 1, Defendants could have easily contacted Plaintiff to see whether there had been an oversight or whether it still intended to disclose its experts. Instead, Defendant waited a month, filed its own expert disclosures on March

---

[3] Fed. R. Civ. P. 37(c)(1) states: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

1, waited another month, agreed to extend the discovery cut-off from April 1 to May 1, and then waited another month. When Plaintiff finally disclosed its experts on May 1, only then did Defendant object that it would be prejudiced by this late disclosure.[4]

For these reasons, the Court finds that Plaintiff's disclosure of experts was timely.

## B. Whether Disclosure of Flagstar Expert Frank De Lisi was Timely

Defendant asserts that the disclosure of Flagstar Expert Frank De Lisi was untimely because De Lisi was not disclosed until May 1, 2006. For the same reasons as those given in Section A., the Court finds that the May 1 disclosure of Frank De Lisi as an expert was timely.

Defendant next asserts that De Lisi should also be barred from testifying at trial because he did not appear on Flagstar's April 19, 2006 witness list, and pursuant to the Court's scheduling order: "NO WITNESS MAY BE CALLED FOR TRIAL UNLESS THAT WITNESSES' NAME AND ADDRESS IS LISTED, unless the Court rules, prior to trial, that there was good cause shown for failing to list such witnesses." Plaintiff Flagstar responds that De Lisi is a rebuttal witness whom it does not expect to call in its case-in-chief, and that pursuant to the Court's scheduling order, the Court recognizes that "the necessity of [rebuttal witnesses'] testimony cannot be reasonably anticipated before trial." *See* Scheduling Order (Docket #23), at 4.

The Court finds that good cause existed for Flagstar's delay in disclosing De Lisi due to De Lisi's status as a rebuttal expert. Additionally, Flagstar disclosed De Lisi to Defendant on May 1, 2006. This disclosure occurred less than two weeks after Witness Lists were due and can hardly be

---

[4] The Court also notes that the Defendant will not be prejudiced by Plaintiff's failure to disclose its experts until May 1, because Plaintiff has asserted that it intends to permit Defendant to take all the expert testimony to which it is entitled. *See* Plaintiff's Response, at 8-9. In any event, the Court would have ordered that Plaintiffs make their experts available for the taking of depositions by Defendant.

said to have caused any prejudice to Defendant. Additionally, the Court has since granted further adjournments of the scheduling order and the Final Pre-Trial Conference still remains months away (January 4, 2007). For these reasons, the Court finds that Flagstar Expert Frank De Lisi should not be barred from testifying at trial.

## C. Whether Flagstar's Experts May Testify on Questions of Law

Defendant asserts that Flagstar is impermissibly attempting to have its experts Professor James White, Richard Wrenn, and Daniel Gordon testify on questions of law. As support, Defendant refers the Court to a number of Sixth Circuit cases which state: "Testimony offering nothing more than a legal conclusion - i.e., testimony that does little more than tell the jury what result to reach - is properly excludable under the Rules." *See Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997). Plaintiff Flagstar responds by relying on Rule 702 of the Federal Rules of Evidence, which states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Plaintiff asserts that its experts' testimony will be helpful to the jury because the testimony will apply the facts to help the jury reach conclusions as to whether a promissory note constitutes a "negotiable instrument" and whether particular individuals constitute "natural persons" under the Insurance Bonds.

### 1. Expert Testimony Should not be Permitted Regarding "Negotiable Instruments"

Plaintiff seeks to have Professor James White testify regarding whether Federal's Bond

covers Flagstar's loss.  In order to do so, Plaintiff seeks to introduce Professor White's testimony regarding whether the loss is covered by Insuring Clause 4, which insures a "loss resulting directly from forgery on . . . any Negotiable Instrument."  Plaintiff asserts that Professor White is a nationally known, independent scholar whose training and expertise in commercial law and the Uniform Commercial Code (UCC) give him a unique ability to examine the issue, apply his expertise to the facts in evidence, and comment on the negotiability of the promissory notes at issue.  The Court finds, however, that any specialized knowledge that Professor White has regarding what constitutes "negotiable instruments" under the UCC will be of no help to the jury because the Insurance Bond itself clearly defines what constitutes a "negotiable instrument."  Condition 1u. of the Bond states:

> **Negotiable Instrument** means any writing:
> (1) signed by the maker or drawer, and
> (2) containing an unconditional promise or order to pay a sum certain in **Money** and no other promise, order, obligation or power given by the maker or drawer, and
> (3) is payable on demand or at a definite time, and
> (4) is payable to order or bearer.

Defendant's Motion, Exhibit 12, at 13.  Furthermore, the Bond defines "money" as a "medium of exchange in current use authorized or adopted by a domestic or foreign government as part of its currency."  *Id*.

Because the Bond itself defines the term "negotiable instrument," the Court finds that Professor White's testimony regarding whether certain promissory notes in question constituted "negotiable instruments" under the Bond will be of no assistance to the jury in applying the facts to this portion of the Bond.  Accordingly, pursuant to Rule 702 of the Federal Rules of Evidence, Professor White's testimony should not be admitted.  For this reason, Defendant's Motion to Bar Professor White's testimony is granted.

**2. Whether an Individual is a Natural Person**

Defendant Federal asserts that Flagstar should not be permitted to introduce the expert testimony of two private investigators (Mr. Wrenn and Mr. Gordon) to offer an opinion on whether certain individuals were "natural persons" under the Bond.[5] The Court finds that Flagstar should be permitted to present this testimony. Mr. Gordon and Mr. Wrenn are experienced investigators who have worked more than twenty years as FBI agents, and Plaintiff asserts that each is capable of performing background investigations. The Court finds that Mr. Gordon's and Mr. Wrenn's opinions will assist the jury in determining what constitutes a "natural person" under the Bond. Additionally, the Court notes that unlike the term "negotiable instrument," the term "natural person" is not defined under the Bond. Accordingly, expert opinion as to this issue will be helpful to the jury in applying the facts to this term. For these reasons, Defendant's Motion to Bar Mr. Wrenn and Mr. Gordon as experts is denied.

**D. Whether Flagstar Provided a Sufficient Factual Basis for its Experts During Discovery**

Defendant Federal asserts that the Court should sanction Flagstar for failing to disclose certain evidence until the close of discovery. As the sanction, Flagstar asserts that the Court should apply Rule 37(c)(1) and bar Flagstar from introducing any of this evidence at trial. As the Court explained above in Sections A. and B., the Court finds Flagstar's disclosure of its expert witnesses to be timely. For similar reasons, the Court now finds Flagstar's disclosures in support of its experts to be timely. Additionally, the Court finds that no prejudice has resulted from any alleged untimely

---

[5] Condition 1n. of the Bond utilizes the term "natural person" in defining Forgery: "Forgery means the signing of the name of another natural person with the intent to deceive but does not mean a signature which consists in whole or in part of one's own name, with or without authority, in any capacity for any purpose." *See* Defendant's Motion, Exhibit 12, at 12.

disclosure of evidence because Flagstar does not object to the examination of its experts' files by Defendants. Accordingly, Defendant's Motion to Bar this evidence is denied.

**E. Whether Flagstar Should Produce the Files of the Attorneys it Intends to Call at Trial**

Lastly, Defendant argues that potential Flagstar witnesses Matt Roslin and Peter Korneffel should be barred from testifying at trial because Flagstar asserted the attorney-client privilege and failed to produce their files in the course of discovery. Flagstar responds that it never meant to imply that attorneys Matt Roslin and Peter Korneffel would be called as expert witnesses, but instead intended to convey that these potential witnesses might be offered to present lay opinions pursuant to Rule 701 of the Federal Rules of Evidence.

Rule 701 of the Federal Rules of Evidence states:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Court is satisfied with Flagstar's response and, accordingly, finds that Flagstar has made proper evidentiary disclosures related to these potential witnesses. To the extent that any opinion testimony offered at trial by attorneys Matt Roslin and Peter Korneffel exceeds what is permitted under Rule 701, Defendants may object at that time. For this reason, Defendant's Motion to Bar these witnesses is denied.

## IV. CONCLUSION

For the above reasons, the Court HEREBY GRANTS, in part, and DENIES, in part, Defendant's Motion to Bar Plaintiff's Experts.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 24, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 24, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290